**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0328n.06
Filed: May 8, 2007

**NO. 05-3726**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| SHAWN A. WELLS, | ) | |
| | ) | |
| *Defendant-Appellant,* | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| UNITED STATES, | ) | |
| | ) | |
| *Plaintiff-Appellee.* | ) | |

Before: RYAN and GRIFFIN, Circuit Judges; and HOOD, Chief District Judge.[*]

Per Curiam. Defendant/Appellant Shawn A. Wells ("Defendant") appeals the sentence imposed by the district court upon his plea of guilty to charges of possessing, receiving, and distributing child pornography. The district court sentenced Defendant to forty-one months imprisonment with an alternative sentence of thirty months to be substituted in lieu of the forty-one month sentence if the Supreme Court found the Sentencing Guidelines to be merely advisory. The district court also agreed to recommend that Defendant be designated to FCI Seagoville, Texas, or FCI Elkton, Ohio, and that, if eligible, he was to participate in an Intensive Confinement Center Program ("boot camp program") if one existed at the time of his eligibility. Defendant appeals his

---

[*]The Honorable Joseph M. Hood, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation.

sentence on the grounds that his alternative sentence, prison designation, and boot camp recommendation were not reflected in the original Judgment, only in the Amended Judgment, and that such error will cause him to be imprisoned longer than otherwise anticipated. Defendant requests his sentence be vacated and that he be ordered released immediately. As explained more fully below, we hereby **AFFIRM** the alternative sentence of the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 10, 2003, a grand jury in the Northern District of Ohio returned a three-count indictment against Defendant charging him with shipping, receiving, and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(1), 18 U.S.C. § 2252(a)(2), and 18 U.S.C. § 2252(a)(4)(B), respectively. After an initial plea of not guilty, on April 28, 2004, Defendant entered into a plea agreement with the United States whereby he plead guilty to all three counts in the indictment. On August 19, 2004, the district court sentenced Defendant to a term of imprisonment of forty-one months to be followed by a term of three years of supervised release.

Pursuant to this Court's direction in *United States v. Koch*, 383 F.3d 436 (6th Cir. 2004), the district court imposed an alternative sentence of thirty months imprisonment to be substituted in lieu of the forty-one month sentence in the event that the Supreme Court ruled that the Sentencing Guidelines were merely advisory, which it did in *United States v. Booker*, 543 U.S. 220 (2005). At Defendant's request, the district court agreed to recommend to the Bureau of Prisons ("BOP") that Defendant be incarcerated at FCI Seagoville, Texas, with FCI Elkton, Ohio, as a secondary designation. The district court also agreed to recommend that Defendant be accepted into the BOP's boot camp program. While the district court agreed to make such recommendations to the BOP, it explained to Defendant that the ultimate determination as to Defendant's place of incarceration and

2

possible enrollment in the boot camp program would be at the discretion of the BOP. Defendant indicated that he understood the limitations on these recommendations.

The defendant did not file a direct appeal of his sentence and did not call to the district court's attention the omission from the Judgment of the alternative sentence and the recommendations for placement in Seagoville and the boot camp program. On March 18, 2005, Defendant filed a motion under 28 U.S.C. § 2255 to vacate his sentence. It was in this motion that Defendant first complained of the omissions from the district court's earlier written Judgment. On April 28, 2005, the district court issued an Amended Judgment indicating the alternative sentence of thirty months and including the following recommendations to the BOP: "Defendant shall receive credit for time served. Designated to Seagoville, Texas and participate in the boot camp program if it exists at the time he is eligible for consideration." On May 27, 2005, Defendant filed his Notice of Appeal from the district court's Amended Judgment. After the district court granted Defendant's motion for extension of time in which to file his notice of appeal, this Court allowed the appeal to proceed.

## ANALYSIS

Defendant's single argument on appeal is that "[t]he delay in the imposition of the alternative sentence and the inadvertent omission of the District Court's recommendation to designate Appellant to Seagoville, Texas and to allow Appellant to participate in the boot camp program has resulted in Appellant serving a longer sentence than he would have otherwise served but for the errors mentioned above." Defendant's argument is illogical, as none of the matters of which he now complains have any effect on the length of his sentence.

### Alternative Sentence

3

A sentence imposed by the district court is reviewed for reasonableness. *Booker*, 543 U.S. 220; *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) (citing *Booker*, 543 U.S. 220).

While not reflected in the August 19, 2004, Judgment, the transcript of Defendant's sentencing hearing clearly indicates that the district court judge imposed a thirty month sentence as an alternative to the forty-one month sentence if the Sentencing Guidelines were found to be merely advisory. On January 12, 2005, the United States Supreme Court declared in *Booker*, 543 U.S. 220, that the Sentencing Guidelines were merely advisory. This ruling triggered Defendant's alternative sentence of thirty months.

The alternative sentence not being found in the court's written Judgment, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. On April 28, 2005, just over eight months after the original Judgment was entered and seven months after Defendant began serving his sentence, the district court entered an Amended Judgment which imposed the alternative thirty month sentence with credit for time served. In no way did this small lapse of time cause Defendant to be imprisoned longer than his sentence contemplated. Defendant's alternative sentence being longer than seven months, the seven months Defendant was imprisoned between the start of his imprisonment and the entry of the Amended Judgment simply served as the first seven months of his thirty month sentence. Defendant was not prejudiced by the delay in reducing the alternative sentence to writing in the Amended Judgment.

Before indicating that it would recommend an alternative sentence, the district court considered the seriousness, nature, and circumstances of the offense, as well as Defendant's history. *See* 18 U.S.C. § 3553(a). As the sentence imposed by the district court was reasonable, it shall be affirmed.

## Prison Designation

Defendant complains that he is not incarcerated at FCI Seagoville, Texas, as he desired and as the Court agreed to recommend. While not found in the original Judgment, the district court recommended in the Amended Judgment that Defendant be designated to FCI Seagoville. Defendant argues that the failure of the district court to record the prison recommendation in the original Judgment resulted in his designation to FCI Elkton, Ohio, not FCI Seagoville.

What Defendant fails to appreciate is that even if the district court had included its prison recommendation in the original Judgment, the ultimate determination of where an inmate will be incarcerated lies with the BOP. The district court alerted Defendant to this fact during his sentencing hearing. Defendant's complaint seems especially disingenuous considering that he is being housed at the facility he requested as an alternative to FCI Seagoville, FCI Elkton. In no way was the defendant prejudiced by the omission of the prison recommendation from the original Judgment and it most certainly is not a basis for vacating the sentence as he requests.

## Boot Camp Program

At his sentencing hearing, Defendant made a request that he be placed in the BOP's boot camp program. While the district court agreed to make such a recommendation, it cautioned the defendant that he may not be eligible for the program and that the final determination would be that of the BOP. *See* 18 U.S.C § 4046. Defendant acknowledged these limitations on the recommendation. Defendant claims that the omission from the original Judgment of the district court's recommendation that he be placed in the BOP's boot camp program denied him the opportunity to participate in that program. Defendant's claim is without merit for the several reasons discussed below.

5

First, as the district court noted was a possibility, Defendant was not eligible for the boot camp program due to the nature of his crimes. Pursuant to 28 C.F.R. § 524.31(3)(iv), an inmate is not eligible for the boot camp program if he is "serving a term of imprisonment for a crime of violence or a felony offense . . . that by its nature or conduct involves sexual abuse offenses committed upon children." Title 18 U.S.C. § 3156(4)(C) defines a "crime of violence" as "any felony under chapter 109A, 110, or 117." The crimes to which Defendant plead guilty fall within Chapter 110, offenses of sexual exploitation and abuse of children. Thus, even if recommended by the district court in its original Judgment, the nature of Defendant's crimes made him ineligible for the boot camp program. In addition to the fact that Defendant was not eligible for the boot camp program is the fact that the BOP discontinued the program in January of 2005.

Finally, Defendant was not prejudiced by the omission of the boot camp program recommendation from the original Judgment because had he truly desired admission into the program prior to its discontinuance in January 2005, he could have applied to it even without the district court's recommendation. For the reasons discussed above, Defendant was not prejudiced by the absence of the boot camp recommendation from the original Judgment.

**CONCLUSION**

For the foregoing reasons, we **AFFIRM** the alternative sentence imposed by the district court.